IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCELINO MARTINEZ<br>    TDCJ NO. 526628 | § | |
| V. | § | C.A. NO. C-07-015 |
| | § | |
| RICHARD ROMANO, ET AL. | § | |

## ORDER OF TRANSFER

Plaintiff Marcelino Martinez[1] is a Texas state prisoner who is currently incarcerated in the Connally Unit in Karnes County, Texas. On January 12, 2007, he filed a civil rights complaint and request for a temporary restraining order alleging that certain prison officials, the Office of the Inspector General, and the State Prosecutor's Office had : (1) authorized and allowed prison guards to assault him on March 9 and 10, 2005; (2) denied him over fifty meals; (3) denied him numerous recreations and showers; (4) singled him out as an informer for two deaths that he did not witness; and (5) poisoned his food with chemicals to torture him and to make him ill. (See D.E. 1, 4). He claims that defendants are trying to coerce him to work as their prison "snitch" and that as long as he refuses to do so, his life is in danger. Id.   He wants the name of the lead Texas State Prosecutor who is investigating the October 21, 2004 deaths at the Connally Unit and HE wants to be interviewed by the F.B.I. Id.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the

---

[1] Martinez is a three-strikes litigant, having had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Martinez v. Ambriz, et al., 5:03cv319 (W.D. Tex. May 21, 2003); Martinez v. Ambriz, et al., No. 03-50647 (5th Cir. Jan. 5, 2004); and Martinez v. Lueva, et al., 5:03cv126 (N.D. Tex. Oct. 21, 2004). Plaintiff is now barred from filing a civil rights suit unless he is in imminent danger of physical injury. See 28 U.S.C. § 1915(g).

claim occurred. 28 U.S.C. § 1391(b). In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

In this action, it appears that the majority of the potential defendants will be found in Karnes County, Texas. Plaintiff complains of certain allegedly rogue guards at the Connally Unit who threaten his life because he will not be a "snitch." Similarly, the Inspector General and State prosecutor investigating events at the Connally Unit most likely will be found in Kanes County. The events of which plaintiff complains occurred in Karnes County, Texas. (See D.E. 1, 4). Karnes County lies within the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4). Jurisdiction is proper with that Court. 28 U.S.C. § 1391(b).

Moreover, because plaintiff's claims concern an ongoing criminal investigation at the prison, it follows that most of the evidence, including witnesses and documentation, lie within or around that facility. Accordingly, in the interest of justice and for the convenience of parties and witnesses, the United States District Court for the Western District of Texas, San Antonio Division, is the more convenient forum. 28 U.S.C. § 1404(a).

Accordingly, it is ordered that the Clerk transfer this action, along with all pending motions, to the United States District Court for the Western District of Texas, San Antonio Division.

ORDERED this 16th day of January, 2007.

_____
Janis Graham Jack
United States District Judge